Frank L. Wells v. Commissioner.
Wells v. Commissioner
Docket No. 79452.
United States Tax Court
T.C. Memo 1960-149; 1960 Tax Ct. Memo LEXIS 142; 19 T.C.M. (CCH) 791; T.C.M. (RIA) 60149; July 11, 1960
Frank L. Wells, pro se, 785 North Cass Street, Milwaukee, Wis. Delman H. Eure, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of the petitioner for the calendar year 1957 in the amount of $447. The single issue presented for decision is whether the petitioner, Frank L. Wells, contributed over half of the support of each of his five children for the year 1957 within the meaning of section 152(a) of the Code of 1954. Findings of Fact Petitioner is an individual resident of Wisconsin. He filed a separate income tax return on Form 1040A for 1957 with the district director of internal revenue at Milwaukee, Wisconsin. Petitioner was married to Janice K. *143 Wells and they had five children. In the early part of 1957, petitioner lived with his family in Kenosha, Wisconsin, and was employed at various occupations at various times during 1957. Several times during that year he was out of work and received unemployment compensation from the state. His wife also received unemployment benefits and filed a separate Federal income tax return for 1957. Proceedings for the divorce of petitioner and Janice K. Wells were instituted in August 1957. During 1957 petitioner contributed part of the support of his five children in unascertained amounts. During the same year, his father, Harold G. Wells, also contributed unascertained amounts to the support of petitioner's five children. Opinion Petitioner, on his income tax return for 1957, claimed an exemption for each of his five children. The record does not show how much support he furnished to or for each of the children, or any total sum for all of them. He does not claim that he furnished more than half of the support of any of them. His testimony is largely devoted to stating his grievances against his father, who appears to be a man with a large income. Petitioner complains that his father's *144 conduct in contributing to the support of petitioner's wife and children has broken up petitioner's home and marriage. Petitioner reasons that since he did the best he could, he is entitled to the exemptions, and that in any event, his father (who was not before us) should not get any tax benefit. Since there is no evidence from which we can find that petitioner complied with section 152 (a) by furnishing more than half of the support of one or more of the children in 1957, we must sustain respondent's determination on the issue before us. Decision will be entered under Rule 50.